Argued April 6, modified and remanded June 27, 1978

BEAN et ux, *Respondents/Cross-Appellants,*
*v.*
KMETIC et ux, *Appellants,*
and PHILLIPS, *Respondent.*
(No. 86270, SC 24726)

580 P2d 1022

C. Brian Scott, Oregon City, argued the cause for appellants. With him on the briefs were Schumaker and Bernstein, Oregon City.

John C. Caldwell, Oregon City, argued the cause for respondents/cross-appellants Bean. With him on the brief were Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

John C. Anicker, Jr., Oregon City, for respondent Phillips.

[ 739 ]

Before Denecke, Chief Justice, and Tongue, Bryson and Linde, Justices.

BRYSON, J.

## BRYSON, J.

This is a boundary dispute proceeding brought pursuant to ORS 105.705 to 105.725. The following diagram, not to scale, illustrates the area in controversy.

Plaintiffs contend the boundary line is that established by the Kucera survey. Defendants contend that the boundary line is established by the McIntosh survey. The property of the plaintiffs Bean lies to the south of the property of the defendants Kmetic. Each party owns a parcel of approximately 15 acres. The Bean property was formerly a part of a larger tract of land once called the Jewell tract, situated in Clackamas County, which in turn was part of the Fisher Donation Land Claim. Both parties agree that the north line of the Jewell tract was defined by a line beginning at a certain point on Division Street, as shown by the diagram. Thus, the point of beginning is agreed, and all of the evidence of both parties supports this agreement on the point of beginning. The expert survey witnesses, Mr. Kucera for the plaintiff and Mr. McIntosh for the defendant, agreed on the "starting point" and differed only on the angle.

As shown by the diagram, the trial court decreed that the boundary line began at the westerly part of the two tracts (not at the agreed point of beginning) at a point where an old fence or wires between trees ran between the two tracts and ended at a monument

found by Mr. Kucera, the Beans' surveyor, at the northeasterly corner of the Bean tract. Both parties have appealed. We review de novo.

Although adverse possession was not pled by either party, it was stipulated that "despite the absence of any allegations of an adverse possession on the part of either party, any and all parties may produce evidence of adverse possession. And that is a factor in the case, both sides." From our review of the evidence we conclude that title to the disputed area by adverse possession was not proven by either party. Both parties' briefs seem to accept this conclusion, and the trial court made no finding on this issue.

Thus, the issue is to determine the location of the true boundary line. In determining the location of a boundary line, our task is "to follow the steps of the person who made the original survey" and find the boundary established by him. *Albert v. Salem,* 39 Or 466, 474, 65 P 1068, 66 P 233 (1901). Under this rule, we examine the original survey dividing the old Fisher land claim to determine the present boundary line. However, the original survey was not put into evidence. Thus, in view of the rule that "boundaries may be proved by every kind of evidence admissible to establish any other controverted fact," *McDowell v. Carothers,* 75 Or 126, 131, 146 P 800 (1915), we turn to other evidence to determine the boundary. As noted, the parties agree that in fixing the original boundary line the starting point is on Division Street, as shown by the diagram. The line determined by the trial court, as extended, does not intersect this point. Therefore, the line determined by the trial court must be wrong. However, it does not follow that the court was wrong in fixing on the monument as the eastern end of the boundary line.

We find from the evidence, as did the trial court, that the monument was on the boundary line. Mr. Kucera, surveyor for the Beans, surveyed the area, using old surveys done by a Mr. H. H. Johnson in 1910

and 1913. Both surveys called for a monument stone at the northeast corner of what is now the Bean tract. A member of Mr. Kucera's crew found this stone and, accordingly, Kucera fixed the boundary line between the agreed starting point and the monument stone.

The defendants' response to this evidence is that Kucera himself did not see the monument stone. However, Kucera testified from his notes that a member of his survey team had seen and located it, and this testimony was admitted without objection and relied on by the trial court. The defendants further argue that Kucera's result would cause the old Jewell tract to encroach on land to the east if the lines for the Jewell tract were extended their full length. This argument does not refute the Kucera survey because the general rule provides that calls for monuments control over calls for courses and distances. ORS 93.310(2);[1] *Newton v. McKeel,* 142 Or 674, 681, 21 P2d 206 (1933); *McDowell v. Carothers, supra* at 135. If following the monument causes lines to go too far, the lines are simply shortened so as not to interfere with boundaries of surrounding property. This litigation is only for the purpose of determining the boundary dispute between the parties to this litigation. Thus, the attack on the Kucera survey on this basis is of no avail.

Further, the Kucera survey line conformed to the location of Davis Road, taken from Clackamas County records, which runs between the two parcels of property. Kucera testified:

"* * * I was concerned as to the location of Davis Road and checked that particular road in the field to see

---

[1]ORS 93.310:

"The following are the rules for construing the descriptive part of a conveyance of real property, when the construction is doubtful, and there are no other sufficient circumstances to determine it:

"* * * * *.

"(2) When permanent and visible or ascertained boundaries or monuments are inconsistent with the measurement, either of lines, angles or surfaces, the boundaries or monuments are paramount.

"* * * * *."

if it coincided with the line I established for the north line of the Bean tract. And I found it fit the fence lines and curb lines and other possession lines of the property owners to the north of Davis Road very well."

As against this testimony, defendants Kmetics' expert, McIntosh, testified that his surveyed boundary line conformed more closely to the boundaries of nearby tracts. Defendants argue as a "principle of surveying that prior deeds and prior surveys control subsequent deeds and surveys" and where there is a discrepancy in deeds and surveys resulting in a shortage to one parcel, "the later surveys must absorb any deficiency." Defendants cite *Adams v. Wilson,* 137 Ala 632, 34 So 831 (1902); *Robeson v. Howell,* 23 La Ann 601 (1871), and 97 ALR 1227, 1231 for this rule. These cases refer to prior surveys, not deeds, in a particular plot or subdivision where title to the lots becomes vested in different persons. No Oregon cases are cited in support of this proposed rule, and we have found none. The only basis in the record for the proposition that the line for the old Jewell tract was later than the other is Mr. McIntosh's testimony, as follows:

"A   Well, there——first there was a deed research that I went into quite thoroughly. And when reviewing the old deeds it's quite apparent there was a difference in deeds and a difference in bearing. And it was my opinion that the prior grant, the intent of the deeds to the north were the earlier. And I have so found this by the deed records.

"The conveyances of the west half of the Fisher claim can be traced and the south line of the Kmetic's property was a prior deed before that of the north line of the old Jewell tract, or the north line of the Bean. This was one of the researches."

These prior deeds are not in the record nor is it entirely clear from Mr. McIntosh's testimony that the conflicting deeds were part of the same subdivision from the original donation land claim.

■   The northern line of the Beans' property is based on the Kucera survey, which was fixed from the original

point of beginning to the located monument and by statute prevails over the McIntosh survey line, which was primarily based on deeds covering surrounding property. The defendants do not argue that the Kucera survey is inconsistent with the adjoining tracts defined in the Johnson survey, which Kucera relied upon.

We conclude from the record that the Kucera line was based on an earlier survey of the very land now in question and was drawn between an agreed starting point and a monument. Since monuments control over courses and distances, it is no answer to the Kucera survey to argue, as do the Kmetics, that his survey causes the lines of the old Jewell tract to encroach on other people's land. To prevent such encroachment the lines are shortened to include only the property here involved; the monument is not ignored. The Kmetics' evidence attempting to conform the lines and angles of the old Jewell tract to the lines of neighboring tracts is not as persuasive as is the Beans' evidence. We therefore modify the decree to adopt the Kucera line as the true boundary between the two tracts and remand to the trial court for entry of a decree in accordance with this opinion and to establish the description of the "true location of the disputed boundary * * * upon the land of the parties and * * * mark out upon the grounds, by proper marks and monuments, the boundary" as provided in ORS 105.715, 105.720 and 105.725.

Modified and remanded for further proceedings.